**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YASSER HASSAN ALI ANABTAWI,
Petitioner,

v.

No. 93-2565

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Immigration and Naturalization Service.
(A-71-793-740)

Submitted: June 11, 1996

Decided: June 27, 1996

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Denyse Sabagh, Douglas E. Ginsburg, METZGER, HOLLIS, GOR-
DON & MORTIMER, Washington, D.C., for Appellant. Frank W.
Hunger, Assistant Attorney General, Robert Kendall, Jr., Assistant
Director, Marion E. Guyton, Office of Immigration Litigation, Civil
Division, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Yasser Hassan Ali Anabtawi challenges the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order denying his request for a withholding of deportation under the Immigration and Naturalization Act ("INA"). Because Anabtawi's arguments were rejected by this court's recent en banc decision in Kofa v. INS, 60 F.3d 1084 (4th Cir. 1995), we deny this petition for review.

Anabtawi, a stateless Palestinian born in a refugee camp in Lebanon, lived in Algeria from 1971 to 1982. Anabtawi was admitted to the United States in 1986 as a dependent of a foreign government official. In 1987, this status terminated. On July 26, 1991, Anabtawi was convicted in Virginia for distributing cocaine, and he received a sentence of five years, with two and one-half years suspended.

During the deportation proceedings, Anabtawi requested asylum and withholding from deportation. The IJ denied these requests as not available to an alien convicted of an "aggravated felony" as defined in 8 U.S.C.A. § 1101(a)(43) (West Supp. 1996), and ordered Anabtawi deported to Algeria. Anabtawi appealed to the BIA. The BIA affirmed the IJ's decision and held that Anabtawi is statutorily precluded from applying for asylum or withholding of deportation.

In his petition for review filed in this court, Anabtawi contends only that the BIA incorrectly construed the INA to automatically preclude him, because of his aggravated felony conviction, from applying for withholding of deportation. He contends that this interpretation is contrary to the plain language of the statute, contrary to the legislative intent, violates the United States' treaty obligations, and violates due process by denying him an individual determination on the issue of danger to the community of the United States.

2

Withholding of deportation is generally mandatory "if the Attorney General determines that [an] alien's life or freedom would be threatened . . . on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1253(h)(1) (West Supp. 1996). However, withholding of deportation is not permitted if the Attorney General determines that "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." 8 U.S.C.A. § 1253(h)(2)(B) (West Supp. 1996). "[A]n alien who has been convicted of an aggravated felony shall be considered to have committed a particularly serious crime." 8 U.S.C.A. § 1253(h)(2) (West Supp. 1996).

This court has upheld the BIA's interpretation of § 1253(h)(2)(B) to mean that conviction of a particularly serious crime necessarily means the alien is a danger to the community of the United States. Kofa v. INS, 60 F.3d 1084, 1088 (4th Cir. 1995) (en banc). Because Anabtawi has been convicted of distributing cocaine, he is an aggravated felon under 8 U.S.C.A. § 1101(a)(43)(B) (West Supp. 1996). As an alien convicted of an aggravated felony, he is considered to have committed a particularly serious crime. 8 U.S.C.A. § 1253(h)(2).

The issue in this case--whether, under the INA, an alien convicted of an aggravated felony is per se a "danger to the community" and therefore automatically ineligible for withholding from deportation-- was discussed in detail and resolved in the affirmative by our recent decision in Kofa v. INS.* In that case, decided after this appeal was filed, we held that 8 U.S.C.A. § 1253(h)(2)(B), which authorizes withholding from deportation, does not require a separate determination of dangerousness to the community in the case of an aggravated felon. Kofa, 60 F.3d at 1088. Rather, an alien convicted of an aggravated felony presents per se a "danger to the community," and, accordingly, is ineligible for withholding. Id. Alternatively, the court held that, even if the language of the statute is ambiguous, the BIA's interpretation is reasonable and therefore entitled to deference under

_____

*By order dated January 26, 1994, we placed this case in abeyance pending our en banc decision in the consolidated cases of Kofa v. INS, No. 92-1246, and Moreno v. INS, No. 92-2522. On July 27, 1995, the court issued its decision in those two cases.

3

the principles of construction established by the Supreme Court in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984). Kofa, 60 F.3d at 1089.

Our decision in Kofa leaves nothing to resolve in this case. Because we have held that an alien convicted of an aggravated felony is not entitled to an individual determination of dangerousness, but poses per se a danger to the community and therefore is ineligible for withholding from deportation, we uphold the BIA decision denying Anabtawi relief from deportation. We further note that by failing to raise the issue during his appeal to the BIA, Anabtawi waived his argument that the BIA's interpretation of the statute, as adopted by the Fourth Circuit, violates the United States' treaty obligations under the Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. See Gandarillas-Zambrana v. Board of Immigration Appeals, 44 F.3d 1251, 1255 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3203 (U.S. Oct. 2, 1995) (No. 94-1720); Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990). The petition for review is therefore denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4